CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
for Danville
SEP 14 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| JAMES M. SWEENEY, | ) | CASE NO. 4:08CV00033 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | By: B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |
| | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's July 20, 2006 applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, it is RECOMMENDED that an Order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this case from the docket of the court.

In a decision issued on January 25, 2008, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date, January 15, 2006, and that he met the insured status requirements under the Act. (R. 11.) The Law Judge determined plaintiff had the diagnosis or document evidence of the

following: temporomandibular joint ("TMJ"), hypertension which is controlled by medication, hypercholesterolemia, mild obesity, and cervical degenerative disc disease. (R. 11.) The Law Judge found plaintiff did not have a severe impairment or combination of impairments. (R. 16.) The Law Judge ultimately found he was not disabled under the Act. (R. 19.)

Plaintiff appealed the Law Judge's January 25, 2008 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of his motion for summary judgment, plaintiff initially argues that the Law Judge erred in finding that his impairments were non-severe. (Pl's Brief, pp. 13-17.) Specifically, plaintiff contends that his headaches and dizziness are so severe that they require him to lie down and impact his ability to walk, stand and concentrate. (Pl's Brief, p. 13.)

A severe impairment is one which, either separately or in combination with another impairment, significantly limits the claimant's physical or mental ability to perform basic work

activities[1]. 20 C.F.R. §§ 404.1520(c), 416.920(c). To be non-severe, an impairment must be more than "a *slight abnormality* which has such a *minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Evans v. Heckler*, 724 F.2d 914, 920 (4th Cir. 1984) (emphasis in original). The burden is on the plaintiff to provide medical evidence establishing the existence and severity of his claimed impairments and to establish how those impairments affect his functioning. 20 C.F.R. §§ 404.1512(a), 416.912(a).

At his December 13, 2007 hearing before the Law Judge, plaintiff testified that dizziness and headaches are two of the medical conditions which prevent him from working. (R. 32.) The record reveals plaintiff's subjective complaints of suffering headaches. (R. 176, 178, 200-201, 203-205, 209, 226, 230-232, 236-239.) The record also reveals plaintiff's subjective complaints of suffering dizziness. (R. 176, 178, 183, 201-204, 209, 226, 236, 238.) While there is ample subjective evidence that plaintiff suffers the symptoms of headaches and dizziness, there is little or no medical evidence in the record articulating their cause, intensity and probable duration.[2] Moreover, plaintiff has not produced medical evidence indicating that his headaches and dizziness have more than a minimal impact on his ability to perform basic work activities.

The Law Judge's opinion is consistent with the opinions offered by the State agency

---

[1] Basic work activities are the abilities and aptitudes necessary to do most jobs, including: physical functions such as sitting and standing; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervisors, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6).

[2] Plaintiff's treating physician reported these symptoms in his assessments of the plaintiff, but he was unable to determine the causes, either neurologically or otherwise. (*See, e.g.* R. 201-205.)
3

physicians. On September 5, 2006, James Bunger, M.D. noted that plaintiff reported occasional dizzy spells and headaches, but that these conditions do not occur with such frequency that they could be disabling. (R. 191.) Dr. Bunger further noted the presence of ample medical evidence from treating and referral physicians which show normal mentation and a lack of neurological deficits. (*Id.*) The physician found that plaintiff's daily activities are not significantly limited, and that his allegations of severe functional deficits are not credibly supported by the medical findings. (*Id.*) David C. Williams, M.D. concurred with Dr. Bunger's findings. (R. 192.) In view of plaintiff's failure to produce evidence addressing these points, the undersigned believes there is substantial evidence supporting the Law Judge's finding that plaintiff does not suffer a severe impairment.

Plaintiff also contends that because his headaches and dizziness prevent him from performing his past relevant work, the burden shifted to the Commissioner to show that there is a significant number of jobs available for someone with his functional capacity. (Pl's Brief, pp. 17-18.) The court need not address this contention. It is moot in view of the fact that the sequential inquiry ceases with the Commissioner's substantial supported finding that plaintiff does not suffer a severe impairment. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003) (holding that if a finding of non-disability is made at any step in the sequential evaluation, the Commissioner will not proceed to the next step).

For these reasons, it is RECOMMENDED that an Order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding

4

United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

9-14-09
Date